[935 NE2d 807, 909 NYS2d 15]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JESSE BRABHAM, Respondent.

Decided September 23, 2010

### APPEARANCES OF COUNSEL

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Allen J. Vickey* of counsel), for appellant.

*Legal Aid Society*, New York City (*Adrienne M. Gantt* of counsel), for respondent.

### OPINION OF THE COURT

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), appeal dismissed upon the ground that the modification at the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to . . . modification" (CPL 450.90 [2] [a]). In view of the above, we have no occasion to comment on the dissent's position that Penal Law § 70.25 (2-c) mandates that the Appellate Division delineate its reasons for modifying the sentence.

Concur: Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and JONES. Judge PIGOTT dissents in an opinion in which Judge SMITH concurs.

PIGOTT, J. (dissenting). We are dismissing the People's appeal because, in the majority's view, the modification by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal or modification" (CPL 450.90 [2] [a]). From that ruling, I respectfully dissent.

Defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree under a plea agreement in which sentencing was to be deferred while he participated in a drug treatment program. Before completing the program, defendant absconded from the jurisdiction, resulting in a bail jumping charge. When he was involuntarily returned to New York 2½ years later, defendant pleaded guilty to the bail jumping offense.

Supreme Court sentenced defendant, under Penal Law § 70.25 (2-c), to consecutive terms of 4 to 8 years on the drug offense and 1½ to 3 years on the bail jumping offense. On appeal, the Appellate Division reduced defendant's sentence, "as a matter of discretion in the interest of justice," by directing that the sentences be served concurrently rather than consecutively (66 AD3d 557 [2009]). The court simply stated that it found "mitigating circumstances" warranting a concurrent sentence for bail jumping, but failed to explain those factors on the record.

Under Penal Law § 70.25 (2-c), when a defendant is convicted of bail jumping, that sentence *shall* run consecutively with defendant's other sentence. The statute further provides, however, that the court may, "in the interest of justice," order a sentence to run concurrently if it finds mitigating circumstances that bear directly upon the manner in which the crime was committed (Penal Law § 70.25 [2-c]). If the court determines that consecutive sentences should not be ordered, it is required to make a "statement on the record of the facts and circumstances upon which such determination is based" (*id.*). Thus, under the clear language of the statute, the court's interest of justice jurisdiction in ordering concurrent sentences is limited to finding mitigating factors and making an explanatory statement of those factors on the record.*

In this case, the Appellate Division, although exercising its interest of justice jurisdiction, failed to comply with the clear mandate of the statute. In the absence of an explanation of the mitigating circumstances, the court was required to run the sentences consecutively. Because the Appellate Division made an erroneous determination on the law, in my view, we need not dismiss this appeal.

---

* In *People v Leopold* (13 NY3d 923 [2010]), we found, under somewhat similar circumstances, that the Appellate Division should be reversed because it failed to set forth the appropriate findings of fact and conclusions of law as required by Correction Law § 168-n (3).

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), appeal dismissed, etc.